IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF NEW YORK

---

KRISTY MARIE K.,

Plaintiff,

v.

Civil Action No.
5:18-CV-50 (DEP)

NANCY A. BERRYHILL, Acting
Commissioner of Social Security,

Defendant.

---

APPEARANCES: OF COUNSEL:

FOR PLAINTIFF

OLINSKY LAW OFFICE
330 S. State Street
Suite 420
Syracuse, New York 13202

HOWARD D. OLINSKY, ESQ.
MELISSA A. DELGUERCIO, ESQ.

FOR DEFENDANT

HON. GRANT C. JAQUITH
United States Attorney
P.O. Box 7198
100 S. Clinton Street
Syracuse, NY 13261-7198

DAVID L. BROWN, ESQ.
Special Assistant U.S. Attorney

DAVID E. PEEBLES
CHIEF U.S. MAGISTRATE JUDGE

ORDER

Currently pending before the court in this action, in which plaintiff seeks judicial review of an adverse administrative determination by the Acting Commissioner of Social Security, pursuant to 42 U.S.C. §§ 405(g), 1383(c)(3), are cross-motions for judgment on the pleadings.[1] Oral argument was heard in connection with those motions on September 26, 2018, during a telephone conference conducted on the record. At the close of argument, I issued a bench decision in which, after applying the requisite deferential review standard, I found that the Acting Commissioner's determination resulted from the application of proper legal principles and is supported by substantial evidence, providing further detail regarding my reasoning and addressing the specific issues raised by the plaintiff in this appeal.

After due deliberation, and based upon the court's oral bench decision, which has been transcribed, is attached to this order, and is incorporated herein by reference, it is hereby

[1] This matter, which is before me on consent of the parties pursuant to 28 U.S.C. § 636(c), has been treated in accordance with the procedures set forth in General Order No. 18. Under that General Order once issue has been joined, an action such as this is considered procedurally, as if cross-motions for judgment on the pleadings had been filed pursuant to Rule 12(c) of the Federal Rules of Civil Procedure.

ORDERED, as follows:

1) Defendant's motion for judgment on the pleadings is GRANTED.

2) The Acting Commissioner's determination that the plaintiff was not disabled at the relevant times, and thus is not entitled to benefits under the Social Security Act, is AFFIRMED.

3) The clerk is respectfully directed to enter judgment, based upon this determination, DISMISSING plaintiff's complaint in its entirety.

David E. Peebles
U.S. Magistrate Judge

Dated: September 28, 2018
Syracuse, NY

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

--------------------------------------------------------x

KRISTY K.,

Plaintiff,

-v-

5:18-CV-50

NANCY A. BERRYHILL,
ACTING COMMISSIONER OF SOCIAL SECURITY,

Defendant.

--------------------------------------------------------x

**TRANSCRIPT OF PROCEEDINGS**
**BEFORE THE HONORABLE DAVID E. PEEBLES**

September 26, 2018
100 South Clinton Street, Syracuse, New York

For the Plaintiff:

OLINSKY LAW GROUP
300 South State Street
Suite 420
Syracuse, New York 13202
BY: **MELISSA A. DELGUERCIO, ESQ.**

For the Defendant:

SOCIAL SECURITY ADMINISTRATION
26 Federal Plaza
Room 3904
New York, New York 10278
BY: **DAVID L. BROWN, ESQ.**

*Hannah F. Cavanaugh*
*Official United States Court Reporter*
*100 South Clinton Street*
*Syracuse, New York 13261-7367*
*(315) 234-8545*

(Time noted: 1:55 p.m.)

THE COURT: I have before me a request for judicial review of an adverse determination by the Acting Commissioner pursuant to 42, United States Code, Sections 405(g) and 1383(c)(3).

The background is as follows: Plaintiff was born March of 1986. She is currently 32 years of age. She was 30 years old at the time of the alleged onset of her disability and at the time of the hearing in this matter. Plaintiff is not married and has no children. She lives in Syracuse with a roommate and the roommate's daughter.

Plaintiff is a high school graduate and while in high school, she attended regular classes. That's at page 794. In terms of work, plaintiff was a member of the United States Army from January 2006 until January 2011 where she acted as a military police officer. She was honorably discharged. She also worked from February 2012 to August 2016 making dentures and in shipping for Aspen Dental. It appears that she may also have been employed in 2005 prior to entering the Army at a factory in various positions. She possesses a driver's license.

Physically, plaintiff has lumbar back issues. She has a mild case of degenerative disc disease. She has a minimal disc bulge at L4-L5 and an annular tear at L3-L4, minimal bulges also at C3-T1, and slight scoliosis of the thoracic spine. She has a right shoulder condition. She underwent artho anterior

labral repair and subacromial decompression in July of 2016 by Dr. Bradley Raphael who practices with SOS. Apparently, she attributes that to an injury she suffered in 2010 while in the Army.

The plaintiff also has knee and ankle issues and uses braces, but no assistive ambulatory device. She suffers from migraines and receives treatments and she has a mild case of De Quervain's disease in her right hand, also uses hand braces bilaterally. The plaintiff, after undergoing her right shoulder surgery, complained of residual pain and she has undergone injections and attempted physical therapy.

Plaintiff also has been diagnosed as suffering from posttraumatic stress disorder, or PTSD, depressive disorder, and anxiety disorder. She has received treatment from the Veterans Administration Medical Center from several sources, Nurse Practitioner Tania Marschall; Dr. Deborah Diniro, a psychologist; Dr. Harminder Grewal; and Nurse Practitioner Natalia Myagkota. She has been prescribed various medications, including Buspar, Sertraline, Trazodone, Hydroxyzine, Diclofenac, Amitriptyline, and Ibuprofen. Plaintiff smokes a half a pack of cigarettes per day. She also has suffered from substance abuse disorder, including use of marijuana and abuse of opioids.

As was indicated, plaintiff has been assessed a disability by the Veterans Administration attributed to her

service and that is due to 20 percent for her lumbar condition, 70 percent for her posttraumatic stress disorder, and 10 percent for her right shoulder strain.

In terms of daily activities, plaintiff cooks, cleans, does laundry, shops, showers, dresses, watches television, listens to the radio, socializes with friends and family. That's at 799 and 796 of the Administrative Transcript.

Procedurally, plaintiff applied for Title II benefits on April 28, 2016, and Title XVI SSI payments on May 25, 2016, protectively alleging an onset date of May 25, 2016. In support of her application, she alleges disability due to back pain, right shoulder pain, PTSD, bilateral knee pain, and migraines. That's at 165, 177, and 307 of the Administrative Transcript.

A hearing was conducted by Administrative Law Judge Jennifer Gale Smith on February 21, 2017, to address plaintiff's applications after their initial denial. On May 10, 2017, ALJ Smith issued a decision that was unfavorable to the plaintiff. That became a final determination of the agency on November 14, 2017, when the Social Security Administration Appeals Council denied plaintiff's request for review of that determination.

In her decision, ALJ Smith applied the familiar five-step test for determining disability. At step one, she concluded that plaintiff had not engaged in substantial gainful activity since her alleged onset date, but noted that there was some work activity within that time period.

At step two, it was noted that plaintiff suffers from severe impairments that interfere with her ability to perform basic work functions, including status post right shoulder arthroscopic anterior labral repair and subacromial decompression, mild degenerative disc disease of the lumbar spine with minimal bulge at L4-L5, an annular tear at L3-L4, minimal disc bulges from C3-T1, very slight scoliosis of the thoracic spine with a minimal central disc protrusion at T4-5, headaches, anxiety disorder, depressive disorder, PTSD, substance abuse disorder, and mild De Quervain's of the right hand.

At step three, ALJ Smith concluded that plaintiff's impairments did not meet or medically equal any of the listed presumptively disabling conditions set forth in the Commissioner's regulations, specifically considering listings 1.02, 1.04, 12.04, 12.06, and 12.15.

After surveying the available medical evidence, the ALJ concluded that the plaintiff retains the residual functional capacity, or RFC, to perform light work subject to the following: The claimant is right-hand dominant; the claimant could not lift, reach or push and pull with right arm; the claimant can frequently handle, finger, and feel with her right hand; the claimant has no reaching limitations or other manipulative limitations with her nondominant left arm and hand and can push and pull with her left arm up to the weight limits

of light work; the claimant should work in a low stress job defined as occasional decisionmaking, occasional judgment required, and occasional changes in the work setting; the claimant should work at goal oriented work rather than production pace rate work; the claimant should work at a noise environment of moderate or below as defined by the DOT; the claimant should not have to drive as part of her job duties; and the claimant would have a sit/stand option defined as the claimant is able to stand up for 10 minutes at a time and then needs to sit down for 10 to 15 minutes before standing again.

Applying that RFC, the Administrative Law Judge concluded that plaintiff is not capable of performing her past relevant work, either as performed by the plaintiff or generally based on the testimony of a vocational expert.

At step five, after determining that the job base on which the grids or medical vocational guidelines and the regulations are predicated, it would be eroded by plaintiff's various nonexertional limitations. And based on the testimony of a vocational expert, the Administrative Law Judge concluded that plaintiff is capable of performing the functions of an information clerk, a furniture rental clerk, and a storage facility rental clerk, all of which are light positions with an SVP of 2 and, therefore, concluded that the plaintiff was not disabled at the relevant times.

As you know, the scope of review in this case is

limited and extremely deferential. I must determine, A, whether correct legal principles were applied and, B, whether the outcome is supported by substantial evidence. First, in terms of the treating source opinions of the Nurse Practitioner co-signed by Dr. Grewal, as the ALJ indicated, it is not entirely clear whether Dr. Grewal was signing only as a supervising physician or whether the opinions set forth in that medical source statement were the opinions of Dr. Grewal, but the rejection was explained by the Administrative Law Judge Smith in her decision at page 26. She treated the opinions as those of the doctor and the Nurse Practitioner, but pointed out that they are contrary to the opinions of Dr. Leong, Dr. Raphael, another treating source, and Dr. Ganesh, who examined the plaintiff.

It is also inconsistent with plaintiff's report of activities. At one point in the record, she stated to a treating source that she had moved and was lifting in connection with the move. Many of the statements set forth in the very restrictive opinions of Dr. Grewal/Nurse Practitioner -- and I can't say her name -- I can't pronounce her name -- are based on plaintiff's subjective complaints. But Dr. Raphael in January of 2017, at page 831 and 832, returned plaintiff to work after surgery with a 20-pound lift limitation. Dr. Ganesh did not find significant limitations, certainly with regard to the left extremity, and it's clear that any limitations associated with

the right were based on the fact that the examination occurred one month after plaintiff's surgery at a point in time when she had not fully recovered and was still sporting a sling.

In my view, the rejection of Dr. Grewal's opinions are supported by substantial evidence and well explained to a point where a meaningful judicial review could be allowed. And the Wiggins case that is supported and relied upon by the plaintiff, I think is materially distinguishable because in this case, as I indicated, there is a considerable body of evidence that is contrary to the opinions set forth in Dr. Grewal's opinions and the ALJ was within her right to rely on Mr. Leong, Dr. Raphael, a treating source, and Dr. Ganesh.

Turning to the VA disability, I acknowledge the requirement of Atwater, the seeming requirement of the Second Circuit that the finding of the agency be considered. I'm not sure how you -- if you consider it and give it no weight, has it been given weight as opposed to giving it one percent weight or two percent weight, the -- I know that the Commissioner has relied upon a decision in *Machia* from one of my good friends and colleagues, Magistrate Judge John Conroy from the District of Vermont. I don't take as restrictive of a view with deference as Magistrate Judge Conroy did. It's clear that the Administrative Law Judge did consider the VA's finding, but she also had available to her all of the records from Veterans Administration that went into that determination.

As I indicated in oral argument, the determination is based 70 percent on plaintiff's PTSD and yet the plaintiff does not seriously challenge the mental component of plaintiff's RFC and does not -- and it's clear from the notes that plaintiff was not receiving considerable treatment and was not forthcoming in her discussion of her PTSD with her care providers at the Veterans Administration.

I also note that although this regulation does not apply, effective March 27, 2017, 20 CFR Section 404.1504 was amended and, I think, is more consistent with both case law and the way these other agency determinations should be treated. The new regulation provides as follows: Other governmental agencies and nongovernmental agencies - such as the Department of Veteran Affairs, the Department of Defense, the Department of Labor, the Office of Personnel Management, State agencies, and private insurers - make disability, blindness, employability, Medicaid, Workers' Compensation, and other benefits decisions for their own programs using their own rules. Because a decision by any other governmental agency or a nongovernmental entity about whether you are disabled, blind, employable, or entitled to any benefits is based on its rules, it is not binding on us and is not our decision about whether you are disabled or blind under the rules. Therefore, in claims filed on or after March 27, 2017 -- which, of course, this is not -- we will not provide any analysis in our determination or

decision about a decision made by any other governmental agency or a nongovernmental entity about whether you are disabled, blind, employable, or entitled to any benefits. However, we will consider all of the supporting evidence underlying the other governmental agency or nongovernmental entity's decision that we receive as evidence in your claim in accordance with Section 404.1513(a)(1) though (4).

And that's essentially what happened here, the Administrative Law Judge had available to her the VA records on which that determination was based, so if there was error, I find it was harmless error. And the case that I would point out in support of that is *Glessing v. Colvin.* It can be found at 2015 WL 7313401.

So in sum, I think the Administrative Law Judge did consider, pursuant to Atwater, the VA's determination and rejected it, giving it any weight for the reasons that we've really already discussed. In sum, I find the RFC determination in this case is supported by substantial evidence and, therefore, based on the vocational expert's testimony, the step five determination was proper and I believe that the final determination is supported by substantial evidence. So I will award judgment on the pleadings to the defendant and affirm the Commissioner's determination.

Thank you both for excellent presentations. I've enjoyed working with you. Thank you.

MR. DELGUERCIO: Thank you, Judge.

MR. BROWN: Thank you, Judge.

(Time noted: 2:12 p.m.)

CERTIFICATE OF OFFICIAL REPORTER

I, HANNAH F. CAVANAUGH, Official Court Reporter, in and for the United States District Court for the Northern District of New York, DO HEREBY CERTIFY that pursuant to Section 753, Title 28, United States Code, that the foregoing is a true and correct transcript of the stenographically reported proceedings held in the above-entitled matter and that the transcript page format is in conformance with the regulations of the Judicial Conference of the United States.

Dated this 27th day of September, 2018.

X *Hannah F. Cavanaugh*

HANNAH F. CAVANAUGH
Official U.S. Court Reporter